Rockingham,
No. 5759.

WILLIAM F. COLLINS

*v.*

DERRY *& a.*

Argued June 4, 1968.
Decided July 17, 1968.

*James A. Sayer, Jr.* ( by brief and orally ), for the plaintiff.

*Grinnell & Bureau* ( *Mr. Edward D. Bureau* orally ), for the defendants.

KENISON, C. J. The principal question in this case is whether it was proper for the Trial Court to permit the plaintiff to amend his pleadings to conform to the decree and evidence in an appeal under RSA 31:77 from an adverse decision of the zoning board of adjustment.

Plaintiff applied to the town building inspector for a permit to place a mobile home on land he owned in Derry. The inspector referred the application to the board of adjustment which denied the application. Plaintiff filed a timely motion for rehearing ( RSA 31:74 ) which was likewise denied, thereupon the plaintiff appealed to the Superior Court. ( RSA 31:77 ). The case was heard before a master ( Leonard C. Hardwick ) who found that, while based on the evidence before him he would rule in favor of granting the permit, he could not do so because the plaintiff had not set forth fully the ground upon which he claimed the decision of the board was unlawful or unreasonable. For that reason the master recommended that the

petition be dismissed and the Court approved this recommendation. Thereafter the plaintiff filed a motion to amend the pleadings to conform to the decree and evidence. This motion was granted by the Court. The master in his second report recommended that the board of adjustment be enjoined from denying a permit to plaintiff and the Court approved this recommendation. Defendants' exceptions were reserved and transferred by *Loughlin,* J.

Article V, sections 1 and 2 of the Derry zoning ordinance reads as follows: "Provisions for Zone 2 — General Residence Zone.

"Section 1: No use shall be permitted that is injurious, noxious, or offensive to the neighborhood by reason of the emission of odor, fumes, dust, smoke, vibration, noises or other cause.

"Section 2: The building inspector shall ascertain, before issuing a permit for the construction or alteration of any building, whether or not the intended use of such structure will in any matter be detrimental to the neighborhood in which it is to be located. Should any question exist in the opinion of the building inspector, regarding the effect of such intended use of the neighborhood, he shall, before issuing a permit, submit the case to the Board of Adjustment for review. The Board of Adjustment shall hold hearings to determine the reaction of property owners in the neighborhood and grant or refuse a permit on the basis of their findings. "

The plaintiff appeared pro se in the initial stages of the proceedings before the board of adjustment and was represented thereafter by two different counsel. While the plaintiff's attempt to comply with RSA 31:75 and the amended pleadings were not a model of specific clarity, it was evident from the record to both the master and the Court that plaintiff contended the board's denial of the permit on the basis of article V, section 2 of the zoning ordinance was erroneous. RSA 31:75 allows the Court "for good cause shown" to permit the appellant to specify grounds for his appeal in addition to those set out as the basis for his motion for rehearing. This is not a case where the plaintiff failed to file a motion for rehearing ( *Bourassa* v. *Keene,* 108 N. H. 261 ), but is a case where the Court for good cause shown has permitted an amendment of the pleadings to comply with the statute. If the Court had denied permission to amend

the pleadings this would be an indication that the plaintiff had not shown the requisite good cause for relief. The Court's permission to amend the pleadings to conform to evidence in the case is permitted by the statute and we cannot say that there has been any abuse of discretion in doing so. See *Edgewood Civic Club* v. *Blaisdell,* 95 N. H. 244, 247.

The defendants argue that other sections of the ordinance would support the action of the board other than article V, section 2. "In the absence of a record of the testimony before the board, we must depend upon the record before the master to determine the validity of his conclusions as well as the validity of the action taken by the board." *Sweeney* v. *Dover,* 108 N. H. 307, 309. On the record before us we find no error in the action of the master and the Court and the order is

*Exceptions overruled.*

All concurred.