Hillsborough
No. 6526

MAURICE P. BOIS & a.

v.

CITY OF MANCHESTER & a.

June 29, 1973

*Bois & LaFlamme (Mr. John Hanrahan* orally) for plaintiffs.

*J. Francis Roche,* for defendants city of Manchester and Building Inspector Bertrand Tardif, filed no brief.

*Devine, Millimet, Stahl & Branch (Mr. Silas Little III* orally) for defendant Grace Episcopal Church.

GRIFFITH, J. This is an appeal to the superior court under RSA 31:77 from the issuance of a variance by the Board of Adjustment of the City of Manchester for the purpose of enabling the defendant church's premises in Manchester to be used for a residential youth rehabilitation center. The

premises in question are located at 136 Lowell Street within a C-1 civic institutional zone. The property includes a two-floor, seventeen-room building which occupies thirty percent of a lot measuring 100 by 154 feet. The building was used as the church rectory until 1968 when it became vacant. It had been classified as a two-family dwelling by the city building commissioner until the variance was granted.

On June 23, 1970, defendant church applied to the building commissioner for a permit to: "change use of a 2-family dwelling into a lodging house for 18 persons leased to the Man. Youth Residential Ctr., a non-profit organization which will provide a residential facility for a maximum of 15 boys from Man. who are referred to the Ctr. upon release from the Ind. School. Youths 15 to 17 yrs. of age will receive a supervised self-maintenance training program, use of community resources, regular schooling, vocational skill training & recreational services." The commissioner treated the application as one to establish a lodging house and denied the application because the C-1 district does not permit that use. Manchester, N.H., Zoning Ordinance § 4.03 (6). On June 20, 1970, the church appealed to the board of adjustment for a variance. Plaintiffs appeared at the hearing and opposed the appeal on the ground that the evidence presented was not legally sufficient under the applicable statutes and ordinance to support issuance of a variance. The board refused to grant a variance to the church and a rehearing was denied on July 27, 1970. The church did not seek review of that decision in the superior court.

On August 6, 1970, the church made another application to the building commissioner and described the proposed use as follows: "to change use of 2-family dwelling into a residential youth center; this youth center is intended to provide facilities for not more than 15 boys from Manchester who are returning to Manchester after referral from various social agencies; the center will provide these returning boys with a positive home setting offering professional supervision and emotional care to be administered by a trained staff, at least 3 of whom will reside in the center, at 136 Lowell St." The commissioner again refused to grant a building permit and the church made its appeal for a variance to the

board of adjustment on August 7, 1970. Plaintiffs' opposition to the variance was presented at the second hearing in the form of a letter in which they urged that the variance be denied for the same reasons they had argued at the hearing on the prior appeal and also on the additional ground that the denial of the prior appeal constituted a bar under the doctrine of res judicata. There was correspondence and testimony in support of the variance. On August 24, 1970, the board granted the variance and plaintiffs' request for a rehearing was denied.

After a hearing on plaintiffs' petition to set aside the decision of the board of adjustment, the Superior Court, *Batchelder*, J., made certain findings and rulings, concluded that the action of the board of adjustment was not unlawful or unreasonable, and dismissed the appeal. Plaintiffs' motion to set the decree aside as against the weight of the evidence and against the law was also denied. All questions of law raised by these findings and rulings were reserved and transferred.

The court found that the church's second application to the city building commissioner was for a use which would differ in several important respects from that proposed in the prior application. The second application sought to change the use from a two-family dwelling to a residential youth rehabilitation center rather than to a lodging house. It provided that the boys to be served by the house could be referred by various social agencies rather than only the industrial school. The age restriction on the residents which appeared in the first application was eliminated. Finally, the second application required a live-in staff consisting of at least three persons. An application seeking a permit for a use which materially differs in nature and degree from a use applied for in prior proceedings involving the same property is entitled to consideration by those charged with the administration of zoning ordinances. *Fiorilla v. Zoning Bd. of Appeals*, 144 Conn. 275, 129 A.2d 619 (1957). "This requirement is not to be technically and narrowly imposed, but yet enforced to the extent that property interests may be settled and stable, and property owners protected from harassment." *In re Crescent Beach Ass'n*, 126 Vt. 140, 141, 224 A.2d 915,

916 (1966). In this case the court correctly ruled that the board of adjustment could lawfully consider the merits of the appeal from the denial of the second application.

An appeal from the decision of the board of adjustment must be dismissed, as it was in this case, unless the court finds and rules after resolving all doubts in the evidence in favor of the board's determination, that on the balance of the probabilities the board could not reasonably find that the applicant's evidence met the legal requirements for the issuance of a variance. RSA 31:78; *Carter v. Derry*, 113 N.H. 1, 300 A.2d 53 (1973); *Simoneau v. Nashua*, 112 N.H. 18, 20, 287 A.2d 620, 622 (1972); *Vannah v. Bedford*, 111 N.H. 105, 107, 276 A.2d 253, 255 (1971). Moreover, the court must consider all findings of the board upon all questions of fact to be "prima facie lawful and reasonable." RSA 31:78.

Plaintiffs' prime contention is that the board could not reasonably find, that unnecessary hardship would result if the church were denied a variance. RSA 31:72 III; Manchester, N.H., Zoning Ordinance § 9.12. However, a request for a finding to that effect was denied by the court. There was evidence tending to show the unique suitability of the premises for use as a residential youth rehabilitation center and the lack of another site for such a facility in Manchester. There was also evidence of the building's inutility for renewed use as a rectory for the church. A showing was made that financial hardship would be suffered by the church if the property were put to a noncharitable use. The apparent need of the church that a charitable use be made of the property was also a factor to be considered on the question of variance.

The court also found that "The civic institutional zone in which the premises are located is an area of declining residential and growing civic and business use." The property in question is bounded on the south by a cathedral and attached rectory. To the west there is a nonresidential community center, known as the "Smile Center", and also the offices of an accounting firm. Beyond Pine Street in a westerly direction are the Grace Episcopal Church and a rooming house which is a preexisting, nonconforming use. To the north across the alley which forms the rear boundary of the premises there are the plaintiff Maurice P. Bois' law

offices, two doctors' offices and several multi-family dwellings all of which have been allowed by variance. There is also a rooming house which predated the zoning ordinance and four single-family dwellings. Toward the east there is another preexisting rooming house, two multi-family dwellings, a two-family house and the Boys Club building.

It is true that each element of the evidence could not, in and of itself, support the issuance of a variance. *St. Onge v. Concord*, 95 N.H. 306, 63 A.2d 221 (1949). "All of these factors have to be balanced against the injurious effects on public rights which might result from the granting of the variance sought." *Vannah v. Bedford, supra* at 112, 276 A.2d at 258; *Fortuna v. Zoning Board*, 95 N.H. 211, 60 A.2d 133 (1948); RSA 31:72 III. The court correctly ruled that when the evidence is considered as a whole, the board of adjustment could reasonably find that unnecessary hardship would result from denial of the variance.

*Affirmed.*

All concurred.