Strafford
No. 79-056

## Clara R. Fisher

### v.

## City of Dover & a.

March 13, 1980

*Fisher, Parsons, Moran & Temple*, of Dover, by brief for the plaintiff.

*Scott E. Woodman*, city attorney, by brief for the defendant city of Dover.

*William E. Galanes*, of Dover, by brief for defendant McQuade Realty, Inc.

BROCK, J. This is an appeal under RSA 31:77 by the plaintiff Clara Fisher from a decree of the Strafford County Superior Court (*Goode*, J.) upholding a decision of the Zoning Board of Adjustment of the city of Dover, dated August 19, 1976, granting a variance to the defendant, McQuade Realty, Inc.

McQuade Realty first applied to the board for a variance to convert its thirty-two room house into a multi-family apartment complex in 1973. On October 19, 1973, the board granted the variance, but upon appeal to the superior court, the order granting the variance was vacated and the case was remanded to the board. After holding another hearing on the application, the board again granted the variance on December 5, 1974. Another appeal to the superior court resulted in an order, dated September 18, 1975, remanding the case to the board for further proceedings not inconsistent with the court's finding and ruling that a majority of the members of the board considering the application for the variance were not "indifferent" (RSA 31:73) and that the board's finding that the variance did not adversely affect adjacent property was "unreasonable and unjust". On May 13, 1976, the board, citing the decision of the superior court, denied the variance without taking further evidence. McQuade Realty did not petition for a rehearing under RSA 31:74 (Supp. 1977).

Thereafter, on July 30, 1976, McQuade Realty filed a second application for a variance which it is conceded was substantially the same as the variance previously requested and ultimately denied by the board. The board granted the variance on August 19, 1976, and affirmed its decision after rehearing on September 30, 1976, and plaintiff once again appealed to the superior court pursuant to RSA 31:77.

An evidentiary hearing, at which only the chairman of the zoning board testified, was held before the superior court on January 11, 1977. On April 11, 1978, a decree of the superior court issued which, while referring to the long and tortured history of the case and the woeful lack of record of the various proceedings

which had taken place before the board, concluded that plaintiff had not sustained her burden under RSA 31:78 of overcoming the statutory presumption that findings of a zoning board of adjustment are prima facie lawful and reasonable.

At all times relevant to this case, RSA 31:78 provided:

> Burden of Proof. Upon the hearing the burden of proof shall be upon the party seeking to set aside any order or decision of the board of adjustment or legislative body to show that the same is unreasonable or unlawful, and all findings of the board of adjustment or legislative body of such municipality upon all questions of fact properly before it shall be deemed to be prima facie lawful and reasonable; and the order or decision appealed from shall not be set aside or vacated, except for errors of law, unless the court is persuaded by the balance of probabilities, on the evidence before it, that said order or decision is unjust or unreasonable.

Plaintiff contends that the denial of the first application in May 1973, precluded the board from granting the one filed in July 1976. She argues here that she sustained her burden before the superior court by proving that the board committed an error of law when it last granted the variance to the defendant without first finding that a material change of circumstances affecting the merits of the application had occurred or that the second application for a variance was for a use that materially differed in nature and degree from the use previously applied for and denied by the board. *Fiorilla v. Zoning Board of Appeals*, 144 Conn. 275, 278–79, 129 A.2d 619, 621 (1957); *Bois v. Manchester*, 113 N.H. 339, 341, 306 A.2d 778, 780 (1973).

It is apparent from the transcript of the January 11, 1977 proceedings before the superior court that the zoning board of adjustment misunderstood the legal requirements attending its reconsideration of a previously denied variance request, the denial of which was not appealed. The chairman of the board, Mr. Gentautus, testified, with respect to the second application, as follows:

Q: Now did you compare that application with the original application which was filed by Mr. McQuade in 1973?
A: No. No. I did not.

. . . .

Q: Did you or your board ever make a determination as to whether the application which was filed on July 30th, 1976 materially differed from the application which was previously filed?

A: No. No comparison was made.

Q: Do I take it from you that it is your opinion that it doesn't matter whether the application materially differs or not?

A: I don't believe it does.

. . . .

Q: And is it your understanding, sir, that the circumstances in August 1976 are essentially the same as they were prior to May of 1976?

A: Yes, I think they'd be the same.

Q: And—did you or your board—did you ever discuss this in front of your board? This question of change of circumstances?

A: I don't think we made [sic] any discussion of it, no.

■ When a material change of circumstances affecting the merits of the application has not occurred or the application is not for a use that materially differs in nature and degree from its predecessor, the board of adjustment may not lawfully reach the merits of the petition. If it were otherwise, there would be no finality to proceedings before the board of adjustment, the integrity of the zoning plan would be threatened, and an undue burden would be placed on property owners seeking to uphold the zoning plan.

■ ■ The burden of proving a material change of circumstances before the board of adjustment lies on the party seeking the variance. *Marks v. Zoning Board of Review*, 98 R.I. 405, 203 A.2d 761 (1964); *Easley v. Metropolitan Board of Zoning*, 161 Ind. App. 501, 317 N.E.2d 185 (1974). "On [this] issue, . . . as on the other issues wherein the exercise of the board's discretion is sought, the burden of proof is on the applicant." *Marks v. Zoning Board of Review, supra* at 407, 203 A.2d at 763. The applicant will have easier access to evidence of changed circumstances, and to place the burden on opponents to the application would leave them open to harassment. The determination of whether changed circumstances exist is a question of fact which necessitates "a consideration of the circumstances which existed at the time of the

prior denial." *Easley v. Metropolitan Board of Zoning, supra* at 514, 317 N.E.2d at 193. Resolution of this issue must be made, in the first instance, by the board of adjustment. On appeal all findings of the board of adjustment are prima facie lawful and reasonable. RSA 31:78.

With these considerations in mind, we must decide whether the plaintiff met her burden of proof under RSA 31:78, in the superior court, and established that the board's approval of the variance was unlawful. In the absence of a record before the board of adjustment, this court must rely upon the record before the superior court to determine the validity of the actions taken by both the superior court and the board. *Collins v. Derry*, 109 N.H. 145, 147, 244 A.2d 185, 186 (1968).

We conclude that the trial court's reliance upon that portion of RSA 31:78 which relates to the weight to be given findings of fact made by the board was misplaced and hold that the board committed an error of law when it approved defendant's second application for a variance without first finding either that a material change of circumstances affecting the merits of the application had occurred or that the second application was for a use that materially differed in nature and degree from the use previously applied for and denied by the board.

Finally, we consider the effect on these proceedings of certain evidence offered by the defendant at the board hearing on the second variance application. This evidence related to the question of whether the granting of the variance would result in any diminution in the value of surrounding properties.

While such evidence is clearly relevant to the board's consideration of a variance request, *Town of Rye v. McMahon*, 117 N.H. 857, 860, 379 A.2d 807, 809 (1977), it is not relevant to its required threshold determination that a material change of circumstances has occurred and should not be considered by the board until that determination has been made.

*Exceptions sustained.*

GRIMES, C.J., did not participate; the others concurred.