Hattie **KOLLOCK**, Plaintiff,

v.

**SUSSEX COUNTY BOARD OF ADJUSTMENT (comprised of Charles S. Stuchlik, Alvin Adams, James Marine, Margaret Hudson and Ronald McCabe, Defendants.**

**C.A. No. 85A–JA1.**

Superior Court of Delaware, Sussex County.

Submitted: Feb. 13, 1987.
Decided: Feb. 24, 1987.

J. Robert Hitchens of Moore & Hitchens, Georgetown, for plaintiff.

James A. Fuqua, Jr. of Fuqua & Graves, Georgetown, for defendants.

CHANDLER, Judge.

This case is an appeal from a December 7, 1984 decision of the Sussex County Board of Adjustment ("Board") denying petitioner Hattie Kollock's second application for a special use exception to place a mobile home in a residential area of Sussex County zoned AR–1 (Agricultural-Residential). Because the Board erred as a matter of law in failing to consider the substantiality of change in the proposed use, its decision is reversed and remanded for further consideration.

## I.

Petitioner Hattie Kollock owns a parcel of land, containing approximately 1.2 acres (200 feet by 265 feet), located at the intersection of Roads 411 and 82. The area is zoned AR–1. The record indicates that at some previous time petitioner had applied for a special use exception to place a 12′ × 60′ mobile home on her property. The Board denied this application on February 27, 1984.[1] There was no appeal taken. On

1. The record does not contain the previous application, transcript from the previous hearing

September 19, 1984 petitioner again applied for a special use exception to place a mobile home on her property to be used as a permanent residence. The application specified a 28′ × 56′ mobile home.

After due notice was given, a public hearing was held on November 5, 1984. Two neighboring property owners spoke in favor and two spoke in opposition to the request. The Board took the case under advisement and on December 7, 1984 published its decision, reached by a vote of three to zero, with two abstentions, denying the request. On January 4, 1985 Kollock filed her petition for review in this Court pursuant to 9 *Del.C.* § 6918.[2]

## II.

■ The standard of review on appeals from the Board is limited to the correction of errors of law and to determinations of whether substantial evidence exists in the record to support the Board's findings of fact and conclusions of law. *Janaman v. New Castle County Board of Adjustment,* Del.Super., 364 A.2d 1241 (1976); *Fisher v. Pilcher,* Del.Super., 341 A.2d 713 (1975). When such evidence exists, the court may not reweigh it or substitute its own judgment for that of the Board. *Searles v. Darling,* Del.Supr., 83 A.2d 96 (1951); *Janaman,* 364 A.2d at 1242.

## III.

In her petition, Ms. Kollock alleges several illegalities in the Board's decision, among them:

1. The Board failed to cross-examine a witness who spoke in opposition to the request;

2. The Board failed to consider properly the change in nature of the proposed use;

or copy of the decision by the Board. These facts are gleaned from petitioner's testimony at the current hearing and from written remarks on her current application.

**2.** 9 *Del.C.* § 6918 states in part: a) Any persons jointly or severally aggrieved by a decision of the Board of Adjustment or any taxpayer or any office, department, board or bureau of the County may present to the Superior Court in and for Sussex County, a petition duly verified,

3. The actions of the Board were arbitrary and capricious;

4. There was no evidence before the Board to support its conclusion that a mobile home would adversely affect the use and value of neighboring property; and

5. The decision of the Board is against the weight of the evidence.

Under Article 12, Section 4 of the Sussex County Comprehensive Zoning Ordinance, the use of a mobile home as a single family dwelling in an AR district is permitted: first, subject to the provisions of Article 5, § 1.2(1) which states that a mobile home may be used on five acres or more or as a special exception on a lot having the same minimum lot area and dimensions as that required for a conventional dwelling,[3] and second, if as a special use exception, subject to the Board finding "that, in its opinion, as a matter of fact, such exception will not substantially affect adversely the uses of adjacent and neighboring property." It is undisputed by the parties that the petitioner's lot meets the minimum area and dimensional requirements for a special use exception. The focus of my inquiry then is the Board's finding of facts.

The Board stated in its published decision that:

> The Board found that in the past it had denied the location of a mobile home on the property as having a negative effect on the uses and values of property in the immediate area and that there had been no change in circumstances in the area and that placement of a mobile home in the applicant's property would adversely affect the uses of neighboring and adjacent property owners.

setting forth that such decision is illegal in whole or in part, specifying the grounds of the illegality. The petition shall be presented to the Court within 30 days after the filing of the decision in the office of the Board.

**3.** In an AR–1 district minimum lot area is 20,-000 sq. ft. and minimum width and depth are 100 ft.

The petitioner argues that the Board made no present findings of facts, but instead relied on its previous denial of her application to find that an adverse effect existed. According to petitioner, since her previous application was for a 12′ × 60′ single-wide mobile home, the placement of a more conventional double-wide mobile home would have a lesser negative impact and should have been considered on its own merits for its effect on the neighboring and adjacent property. The Board contends, on the other hand, that it was aware that the second application is for a 28′ × 56′ double-wide mobile home and that it made present findings as to the adverse effect of the mobile home in the neighborhood that are supported by substantial evidence in the record. Neither party, however, has addressed the issue of the finality of zoning decisions and the effect of a prior denial of a special use exception on a subsequent application.

■ The rules regarding the finality of decisions in zoning cases are no different from such rules in other areas of the law. 3 A. Rathkopf and D. Rathkopf, *The Law of Zoning and Planning*, § 48.01 (4th ed. 1986). In particular, the principles of res judicata and collateral estoppel apply in zoning cases and have resulted in the rule that ordinarily a board of appeals or adjustment has no power to reopen or review its own decision by vacating, revoking, rescinding or altering it after it has been made. *Id.* at § 48.02(1). In illustration of this rule the Supreme Court of New Hampshire has stated:

> When a material change of circumstances affecting the merits of the application [for a variance] has not occurred or the application is not for a use that materially differs in nature and degree from its predecessor, the Board of Adjustment may not lawfully reach the merits of the petition. If it were otherwise, there would be no finality to proceedings before the Board of Adjustment, the integrity of the zoning plan would be threatened, and an undue burden would be placed on property owners seeking to uphold the zoning plan.

*Fisher v. City of Dover*, N.H.Supr., 120 N.H. 187, 412 A.2d 1024, 1027 (1980).

■ While a board cannot change its decision once made, it can consider a new application for similar relief if there has been a substantial change in the circumstances or conditions affecting the property or *in the proposed use or plans for the use.* 3 Rathkopf, *supra*, at § 48.02[2] (emphasis added). *See also Rocchi v. Zoning Board of Appeals*, Conn.Supr., 157 Conn. 106, 248 A.2d 922 (1968) (relocation of access road and additional buffer area constitute substantial changes in second application); *Fiorilla v. Zoning Board of Appeals*, Conn.Supr., 144 Conn. 275, 129 A.2d 619 (1957) (less extensive variance requested); *Bois v. City of Manchester*, N.H. Supr., 113 N.H. 339, 306 A.2d 778 (1973) (proposed residential youth rehabilitation center rather than proposed lodging house); *Russell v. Board of Adjustment of Borough of Tenafly*, N.J.Supr., 31 N.J. 58, 155 A.2d 83 (1959) (setback of building increased and lot coverage decreased); *Riverside St. Clair Corp. v. Walsh*, N.Y.App. Term., 131 Misc. 652, 228 N.Y.S. 88, *aff'd*, N.Y.App.Div., 225 A.D. 655, 231 N.Y.S. 869 (1928) (proposed new safeguarding conditions changed the application); *In re Crescent Beach Association*, Vt.Supr., 224 A.2d 915 (1966) (new proposed limitation on use). In the case of a special exception, the board can grant a second application which has been changed in such a manner as to obviate the objections raised against the original application. *Rocchi*, 248 A.2d at 925 (citations omitted). Generally, the burden of proof of changed circumstances is on the applicant. *See Fisher*, 412 A.2d at 1027. A determination of whether sufficient changed circumstances exist is a question of fact to be resolved in the first instance by the board. *Id.* 412 A.2d at 1027.

Although Delaware courts have not specifically addressed the issue of finality of zoning decisions, an analogous case in New Castle County provides guidance for my decision. In *Avery v. New Castle County Board of Adjustment*, Del.Super., C.A. No. 81A–NO–10, Walsh, J. (July 1, 1982), the applicant for a special use exception appealed: 1) The New Castle County Board's

denial of her request to operate a day care center on her property, and 2) its denial of a rehearing on her application. The Court's analysis of the second part of her appeal is relevant to the instant case. The New Castle County Code contained a provision requiring that the Board rehear an application if it should find "that the facts and circumstances existing at the time of the prior action by the Board have undergone a material change justifying the Board's reconsideration." *Id.* at 10 n. 2. At a hearing on Avery's petition for a rehearing, the applicant had presented evidence as to a number of the modifications to her original proposal directed at objections raised at the earlier hearing. The Board denied her a new hearing after deciding that there had been no showing of a substantial change in facts or circumstances. The Superior Court held that the applicant had the burden of showing substantial changes which had occurred to militate against the objections formerly raised on which the Board had based its prior denial and that in this case the applicant had met her burden. *Id.* at 10 (citing *Rocchi*, 248 A.2d at 925). The Court concluded that the Board had erroneously considered the ultimate merits of the changes (whether the proposed use as modified would be detrimental to the neighborhood) rather than their substantiality, thus depriving the appellant of the benefit of a full rehearing. *Id.* at 11. The Court found this to be arbitrary and reversed the Board's decision.

In the instant case there was a full hearing and the Sussex County Code does not contain provisions concerning rehearings or reapplications. However, even in the absence of an express provision in the zoning ordinance, the general rule is that a board of adjustment may not entertain a second application concerning the same property after a previous denial unless a substantial change of conditions has occurred or other considerations materially affecting the merits of the request have intervened. *Silsby v. Allen's Blueberry Freezer, Inc.*, Me.Supr., 501 A.2d 1290, 1295 (1985). An examination of the record reveals that a change in the proposed use had been made and that the Board failed to consider adequately this change. In addition, it appears that the Board considered the merits of the application without first properly resolving the issue of the res judicata effect of its previous denial.

During the public hearing Ms. Kollock rebutted a neighbor's testimony opposing the placement of the mobile home on her property. She stated that she had purchased the double-wide mobile home after talking with that neighbor's husband who had objected because the single-wide mobile home was not on a foundation. *Kollock v. Sussex County Board of Adjustment,* Del.Super., C.A. No. 85A–JA–1, Docket Item No. 4 at 8. She testified that she intended to place the double-wide mobile home on a foundation after removing its wheels and axles. There is, unfortunately, no record of the previous hearing to indicate whether there were other specific objections to Ms. Kollock's first application. However, based on this testimony, the appellant has presented evidence of a change in her proposed use which was designed to militate against an objection formerly raised. *See Avery,* C.A. No. 81A–NO–10 at 10. Whether this change is substantial enough to remove the bar of res judicata is not for this Court to decide, but is for the Board to determine in the first instance.

That the Board did not make this determination is apparent from its members' deliberations. The members were aware that this current application specified a 28' × 56' double-wide mobile home. They believed that two previous applications by the same applicant had been denied, neither specifying any type of unit. The record only indicates, however, that one previous application was denied and the applicant testified at the hearing that her previous application was to place a 12' × 60' single-wide home on her property. The Board members then briefly discussed the number of opposing witnesses to her application. Thereafter one member made a motion "due to the fact we turned it down two times before, to turn it down again." *Kollock,* C.A. No. 85A–JA–1 at 12. The Board then denied the request.

**574**

In its written findings of fact the Board first concluded that in the past it had denied the location of a mobile home on the property as having a negative effect on the uses and values of property in the immediate area. There is evidence in the record to support the conclusion that it had previously denied an application to place a mobile home on the property. Next the Board concluded that there had been no change in the circumstances of the area. There is no evidence in the record concerning the circumstances of the area at the time of the previous application and at the time of the current application to justify this conclusion. However, this error is not significant. What is significant is the absence of any finding or mention of the change in the proposed use. I will not infer from the Board's silence that it decided the issue of the substantiality of the change in the negative. The orderly functioning of the process of review requires that the grounds upon which the administrative agency acted be "clearly disclosed and adequately sustained." *State Farm Mutual Automobile Insurance Co. v. Hale*, Del.Ch., 297 A.2d 416, 419 (1972) (quoting *S.E.C. v. Chenery Corp.*, 318 U.S. 80, 94, 63 S.Ct. 454, 462, 87 L.Ed.2d 626 (1943)).

The Board's final conclusion that the placement of a mobile home would adversely affect the uses of neighboring property owners is a decision on the ultimate merits of this application. It should not have been made until the Board had concluded that there was a change in the applicant's proposed use substantial enough to remove the bar of res judicata imposed by the Board's previous denial. Remand will permit the Board to make the proper determination on this issue. Accordingly, the Board's decision is reversed and the cause remanded for further proceedings consistent with this decision.

An order has been entered consistent with this Opinion.

### ORDER

For the reasons assigned in this Court's Opinion entered in this case on this date, it is

ORDERED that the December 7, 1984 decision of the Sussex County Board of Adjustment in this matter is REVERSED AND REMANDED.

It is FURTHER ORDERED that on remand the Sussex County Board of Adjustment shall first make a finding of whether the change in Kollock's proposed use is substantial enough to remove the bar of res judicata imposed by the Board's previous denial of Kollock's application.