Fremont-Smith, Thayer, J.
In their 2008 case, plaintiffs appealed the Cambridge Zoning Board of Appeals’ (“ZBA”) issuance of a comprehensive permit for Cambridge Affordable Housing Corporation (“CAHC”) to build affordable housing on the Cambridge YMCA campus in Cambridge. On January 4, 2010 this Court granted summary judgment on the original appeal, ruling that,
Based on the summary judgment record, for the reasons stated in defendants’ memorandum in support, plaintiffs have no reasonable expectation of proving the Board’s decision was invalid. There is no credible evidence upon which it might be found that the project lacked fundabiliiy, that the ZBA failed to properly weigh the need for affordable housing versus local concerns, or that the permit authorized a trespass upon plaintiffs property.
Memorandum and Order on Defendant’s Motion for Summary Judgment, dated January 11, 2010, C.A. 2008-03196, docket #44.
In order to address plaintiffs’ objections in regard to the original permit, CAHC, on July 15, 2009, requested two modifications of the permit: (a) an increase in setback for the building from .4 feet to 4 feet, and (b) incorporation by reference of a May 14, 2008 Project Eligibility Letter from the Commonwealth Department of Housing and Community Development. After notice to the plaintiffs, a public hearing was held, at which the ZBA approved the changes and found them to be insubstantial so that no additional public hearing would be required. 760 CMR 56.07(4).
In August 2009, the plaintiffs filed the current appeal, challenging the determination that the changes were insubstantial and that the Project Eligibility Letter could be added to the record. Defendants have again moved for summary judgment and the plaintiffs have opposed this motion and moved for reconsideration of my Januaiy 11, 2010 allowance of summary judgment in the previous 2008 appeal.
Plaintiffs contend that an appeal under c. 40A is a trial de novo at which CAHC, as the original “applicant,” has the burden of proof at the trial to show that the prerequisites to the ZBA’s issuance of the permits have been met, citing Ranney v. Board of Appeals of Nantucket, 11 Mass.App.Ct. 112, 118 (1981). Thus, they argue, the ZBA’s decisions should be given no deference whatsoever and that plaintiffs need not show a reasonable expectation of proving anything in order to avoid summary judgment for defendants. Accordingly, plaintiffs argue, the Court should vacate its Januaiy 4, 2010 allowance of summary judgment on the original permit, deny defendants’ current motion for summary judgment, and schedule a de novo trial on both permits.
The answer to this contention is not free from doubt. It is true that in an appeal from a zoning board, the trial judge “is required to hear the matter de novo and determine the legal validity of the decision of the board” on the basis of the facts found by the judge, 39 Joy St. Condominium Assoc. v. Board of Appeal of Boston, 426 Mass. 485, 488 (1998), quoting Josephs v. Board of Appeals of Brookline, 362 Mass. 290, 295 (1972), and that “(T]he burden rests upon the person seeking a variance and the board ordering a variance to produce evidence at the hearing in the Superior Court that the statutory prerequisites have been met and that the variance is justified.” Dion v. Board of Appeals of Waltham, 344 Mass. 547, 555-56 (1962);[1] see also Ranney v. Zoning Bd. of Appeals of Nantucket, 11 Mass.App.Ct. 112, 118 (1981). Accordingly, the trial judge “gives no evidentiary weight to the board’s findings.” Lobbiser Bldg. Corp. v. Planning Bd. of Bellingham, 454 Mass. 123, 126 (2009).
“Judicial review is, however, circumscribed and the decision of the board ‘cannot be disturbed unless it is *142 based on a legally untenable ground, or is unreasonable, whimsical, capricious or arbitrary.’ ” Id. at 127, quoting MacGibbon v. Board of Appeals of Duxbury, 356 Mass. 635, 639 (1970). A decision is based on a “legally untenable ground” if it rests on a “standard, criterion, or consideration not permitted by the applicable statutes or by-laws.” Sedell v. Zoning Bd. of Appeals of Carver, 74 Mass.App.Ct. 450, 453 (2009), quoting Britton v. Zoning Bd. of Appeals of Gloucester, 59 Mass.App.Ct. 68, 73 (2003). Thus it would seem that an appeal of a zoning decision is to be reviewed by the court using a combination of de novo and deferential principles. While G.L.c. 40A, §17 prescribes a de novo trial, with no deference to the board’s findings, the power of the judge to substitute his or her judgment for that of the board is nevertheless to be limited. Bowbrowski, Massachusetts Land Use and Planning Law, §11.05.
“(A]lthough the judge who reviews a zoning board decision pursuant to G.L.c. 40A, §17, typically finds the facts de novo, see, e.g., Josephs v. Board of Appeals of Brookline, 362 Mass. 290, 295 (1972), a judge who decides the case on motions for summary judgment engages in no fact finding at all.” Albahari v. Zoning Bd. of Appeals of Brewster, 76 Mass.App.Ct. 245, 248 (2010). Instead, the judge “looks to the record to determine if there is any genuine issue of material fact and, if not, whether the evidence, viewed in the light most favorable to the nonmoving party, shows that the moving party is entitled to judgment as a matter of law.” Id. at 248-49. Where both parties have moved for summary judgment, the evidence is viewed in the light most favorable to the party against whom judgment is to enter. Imprimis Investors, LLC v. KPMG Peat Marwick, LLP, 69 Mass.App.Ct. 218, 222 (2007).
In my decision granting summary judgment in favor of the defendants, Cambridge Affordable Housing Corp (CAHC), I erroneously stated, “[SJummaiy judgment is appropriate where the plaintiff has no reasonable expectation of proving that the Board’s decision was invalid, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711, 716 (1991),” thus indicating that the plaintiffs, the abutters, have the burden or proof, whereas case law indicates that it is the defendants’ burden to demonstrate “the statutory prerequisites have been met and that the variance is justified.” Dion, supra.
Even though the defendants bear the burden, summary judgment can nevertheless be appropriate if the Board’s decision, on the undisputed facts, was not based on a legally untenable ground. Jepson v. Zoning Bd. of Appeal of Ipswich, 450 Mass. 81, 96 (2007). I have previously found, and find again that, on the undisputed facts, the requirements of fundability of the project and of site control were satisfied and that the insubstantial nature of the requested changes to the modified permit has been established.
With respect to the question of whether the need for affordable housing outweighs local concerns, however, the plaintiffs have filed expert affidavits with respect to various alleged adverse impacts of the proposed project upon the abutters’ properly. They have therefore raised an issue of material fact which requires a trial with respect to that issue as it relates to both permits. See Board of Appeals of Hanover v. Housing Appeals Committee, 363 Mass. 339, 380-81 (1973).
ORDER FOR JUDGMENT
Accordingly, defendants’ motion for summary judgment is DENIED and plaintiffs’ motion for reconsideration is ALLOWED.

 The same standard applies in special permit contests.