# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0545, <u>Appeal of Town of Derry</u>, the court on August 17, 2023, issued the following order:**

The court has reviewed the written arguments, oral arguments, and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The Town of Derry (Town) appeals an order of the Housing Appeals Board (HAB) reversing the Town's Zoning Board of Adjustment's (ZBA) decision denying the request of the respondents, John Cooper and the Estate of Cooper, for a frontage variance. The Town argues that: (1) the HAB failed to apply the correct standard of review; (2) the HAB erred when it supplanted its judgment for the ZBA's judgment; (3) the HAB improperly conducted a <u>de novo</u> review of the three other variance factors set forth in RSA 674:33, I(a)(2) (Supp. 2022) not addressed by the ZBA; and (4) the HAB erred in its analysis of RSA 674:33, III (Supp. 2022). We conclude that: (1) the HAB reasonably reversed the ZBA's decision on the diminution of property value factor; and (2) the Town failed to establish reversible error with respect to the HAB's analysis of RSA 674:33, III. We decline to address the HAB's analysis of the spirit of the ordinance factor and whether the HAB conducted an improper <u>de novo</u> review of the remaining three variance factors because these issues were not preserved. Accordingly, we affirm.

The record supports the following facts. The respondents own a lot in the town that lies in a low-medium density residential (LMDR) area. The town's Zoning Ordinance states that properties in LMDR areas must have 150 feet of road frontage to construct a home. The respondents' lot is 2.6 acres and has 108 feet of frontage along Ballard Road. A strip of land, roughly thirty feet wide, connects the main section of the property to Ballard Road. The strip of land was intended to be an access road for the lot's original purpose — supplying water to the neighboring lots by way of a community well. The majority of the lot's acreage lies behind three other homes and sits upon a hill.

The respondents first applied for a frontage variance in 2003 and were denied. In November 2021, the respondents again sought a frontage variance from the ZBA so that they could build a single-family home on their lot.[1] During two public hearings in November, only abutting property owners expressed disapproval. Collectively, the abutters claimed that the respondents

---

[1] The ZBA determined that due to a change in the statute between applications, the respondents' application was not barred pursuant to <u>Fisher v. City of Dover</u>, 120 N.H. 187 (1980), and neither party challenges this decision.

had promised not to build on the lot, and that development of the lot would affect their privacy and cause water runoff concerns.[2]  During the deliberative portion of one of the hearings, one ZBA member, appearing to rely on the 2003 denial, commented that changes to the lot could diminish the values of other properties.

The motion to approve the variance failed on a 2-3 vote.  Two members voted against the motion because they believed that granting the variance would be contrary to the spirit of the ordinance; the third member voted against the motion because he believed that other property values would be diminished.  The notice of the ZBA's decision denying the respondents' request for a variance merely indicated the result of the vote and listed those two factors as the reason for denial.  The record does not show that the ZBA considered the three other factors listed in RSA 674:33, I(a)(2) when making its decision.  The ZBA denied the respondents' request for rehearing, and they appealed to the HAB.

The HAB reversed the ZBA's decision and granted the respondents' variance application subject to conditions not relevant to this appeal.  The HAB found that the ZBA's decision on the two factors — that granting the variance would be contrary to the spirit of the ordinance and would result in the diminishment of the values of surrounding properties — was unreasonable based on the evidence in the record.  The HAB then evaluated the three other variance factors set forth in RSA 674:33, I(a)(2) and found in favor of the respondents.  To support its decision, the HAB analyzed RSA 674:33, III and explained that the statute was not clear as to "whether a failed vote to approve a variance is equivalent to a successful motion to deny."  Without addressing that issue, the HAB noted that the posture of the ZBA's vote was relevant because it demonstrated that two members "felt that the [respondents] satisfied all five prongs of the variance test, including the three that were not cited in the ZBA's written notice of decision."

The Town moved for a rehearing and raised only two arguments: (1) that the HAB substituted its judgment for the ZBA's on the issue of diminution in property value; and (2) that the HAB incorrectly analyzed RSA 674:33, III, which led to a mistaken "emphasis on the number of votes in favor and opposed to the denial of the variance."  The HAB denied the motion and clarified that its "intent was simply to recognize the vote posture while discussing the variance elements that were not cited by the Town as grounds

---

[2] Comments by the abutters that raised concerns about diminished property values appear only in the unofficial transcripts of the ZBA hearings.  The respondents commissioned a company to transcribe the ZBA hearings and then submitted the transcriptions to the HAB for consideration. At the request of the Town, the HAB disregarded the unofficial transcripts.  Therefore, we limit our review to the record reviewed by the HAB.

for denial.  The specific vote tally was not relied upon by the [HAB] as a basis for finding the ZBA's findings unreasonable or unlawful."  This appeal followed.

When reviewing a zoning board's decision, the HAB must uphold the decision unless there is an error of law or the HAB is persuaded by the balance of probabilities, on the evidence before it, that the decision was unreasonable.  RSA 679:9, II (Supp. 2022); see RSA 677:6 (2016); see also RSA 679:9, I (Supp. 2022) (appeals shall be consistent with those to the superior court pursuant to RSA 677:4 (2016) through RSA 677:16 (2016)).  The appealing party bears the burden of proving the ZBA's decision was unlawful or unreasonable.  RSA 677:6; see also RSA 679:9, I.  The HAB must treat the ZBA's factual findings as prima facie lawful and reasonable.  RSA 677:6; see also RSA 679:9, I.  The HAB's review is not whether it agrees with the ZBA's findings, but, rather, whether there is evidence in the record upon which the ZBA could have reasonably based its findings.  See Appeal of Chichester Commons, LLC, 175 N.H. 412, 415-16 (2022).

Our review of the HAB's decision is governed by RSA chapter 541 (2021).  See RSA 679:15 (Supp. 2022).  Accordingly, the HAB's order will not be set aside unless we are satisfied, by a clear preponderance of the evidence, that such order is unjust or unreasonable.  See RSA 541:13.  The HAB's factual findings are "deemed to be prima facie lawful and reasonable."  Id.  "When reviewing the HAB's findings, our task is not to determine whether we would have found differently or to reweigh the evidence, but, rather, to determine whether the HAB's findings are supported by competent evidence in the record."  Appeal of Chichester Commons, 175 N.H. at 416.

The Town begins by arguing that the HAB applied the incorrect standard of review.  We disagree.  In its order, the HAB correctly articulated the standard of review by stating that, when reviewing the board's decision, it would consider the ZBA's factual findings to be prima facie lawful and reasonable.  The HAB also indicated that those findings would not be set aside unless, by a balance of the probabilities upon the evidence before it, the HAB found that the ZBA's decision was unlawful or unreasonable.  The HAB's review, which focused upon whether the ZBA's findings were reasonable in light of the evidence before it, was consistent with this standard.  Cf. Garrison v. Town of Henniker, 154 N.H. 26, 35 (2006).  Accordingly, the HAB applied the correct standard of review.

The Town nonetheless argues that "the HAB erred when it determined the ZBA lacked a reasonable, lawful basis to deny [respondents'] variance based on [respondents'] failure to satisfy the diminution of property values."[3]

---

[3] The Town also argued that "the HAB erred when it determined the ZBA lacked a reasonable, lawful basis to deny [respondents'] variance based on [respondents'] failure to satisfy the . . . spirit of the ordinance" factor.  We note, however, that the Town did not argue in their motion

3

(Emphasis and capitalization omitted.)  See RSA 674:33, I(a)(2).  The Town asserts that the HAB "failed to consider the concerns raised by the abutters and shared by the ZBA" that the proposed variance would diminish surrounding property values, and in doing so, the HAB "shifted the burden of proof, ignored evidence in the record, and improperly put itself in the shoes of the ZBA."  We disagree.

Zoning boards have the power to authorize "a variance from the terms of a zoning ordinance" if five factors are met.  See RSA 674:33, I.  "The variance applicant bears the burden of demonstrating that all five criteria are met." Perreault v. Town of New Hampton, 171 N.H. 183, 186 (2018).  Zoning boards "resolve conflicts in evidence and assess the credibility of offers of proof." Harborside Assocs. v. Parade Residence Hotel, 162 N.H. 508, 519 (2011). However, the HAB should grant deference to a zoning board's findings only when "there is evidence in the record upon which the [zoning board] could have reasonably based its findings."  Appeal of Chichester Commons, 175 N.H. at 415-16; see RSA 677:6; RSA 679:9, II.  Zoning boards cannot rely upon an abutter's conclusory opinion that is based upon vague concerns rather than objective facts.  See Trustees of Dartmouth College v. Town of Hanover, 171 N.H. 497, 507 (2018).

Here, we agree with the HAB that the record does not support the ZBA's finding concerning the diminishing property value factor.  The official minutes from the two public hearings before the ZBA in November 2021 provide no comments from abutters referencing diminished values.  The abutters addressed concerns about privacy and water runoff, but did not link those concerns to any claims that property values would diminish.  To the extent that the Town argues that the HAB erred in not considering the ZBA members' concerns, we note that only one ZBA member offered a substantive comment on the relevant factor during the ZBA's deliberation.  We conclude that the ZBA member's comments were "vague concerns" based on the member's personal opinions and were not an adequate basis to conclude that granting the variance request would result in the diminution of property values.  See Derry Sr. Development v. Town of Derry, 157 N.H. 441, 451 (2008) (explaining that a "board may not deny approval on an ad hoc basis because of vague concerns" and "the board's decision must be based upon more than the mere personal opinion of its members").

Further, in reviewing the ZBA's decision, the HAB may consider evidence that the zoning board did not find compelling because that is a "proper

for rehearing that the HAB's decision on the spirit of the ordinance factor was unreasonable or unjust.  Accordingly, we decline to consider this argument.  See RSA 541:4 ("[N]o ground not set forth [in a motion for rehearing] shall be urged, relied on, or given any consideration by the court, unless the court for good cause shown shall allow the appellant to specify additional grounds." (emphases added)); Appeal of Walsh, 156 N.H. 347, 352 (concluding that the court will not consider an issue that was not raised in a motion for rehearing).

balancing of the probabilities based upon the evidence before the ZBA." Continental Paving v. Town of Litchfield, 158 N.H. 570, 577 (2009) (concluding that the superior court did not substitute its judgment for that of the ZBA). Here, the HAB considered, and the record supports, that a licensed land surveyor prepared the respondents' application for the variance, in which the surveyor stated that the variance would not diminish property values and, instead, they would likely increase. The surveyor reiterated during a hearing before the ZBA that granting the variance would not diminish property values. Accordingly, we conclude that the HAB did not err in ruling that the record does not support the ZBA's finding concerning the diminished property value factor.

The Town also argues that "[b]y discounting the abutters' testimony, the HAB shifted the burden of proof" onto the ZBA. The Town, however, seems to conflate the HAB's review of the record and its determination that the record did not support the ZBA's finding regarding the diminution of property values factor with shifting the burden of proof onto the ZBA. As previously discussed, the abutters' testimony and the single comment from the ZBA member do not reasonably support a finding that the variance would diminish property values. Thus, the HAB did not shift the burden of proof onto the ZBA, but, rather, concluded that the evidence in the record did not support the ZBA's finding. Cf. N. New England Tel. Operations, LLC v. Town of Acworth, 173 N.H. 660, 675-80 (2020) (concluding the trial court did not inappropriately shift the burden to the defendants by considering the report and data of one expert over that of another).

The Town next argues that the HAB exceeded its authority by conducting a de novo analysis of the three remaining variance factors — public interest, substantial justice, and unnecessary hardship — and that, instead, the HAB should have remanded the matter to the ZBA for determination of those three factors. See RSA 674:33, I(a)(2). However, the Town did not raise this argument in its motion to the HAB for rehearing. Cf. RSA 541:4. The Town argues that this issue is implicitly preserved through other arguments in the motion. We are not convinced. Furthermore, the Town has not shown good cause to be allowed to specify additional grounds that were not set forth in its motion. See id. Therefore, we will not consider this issue. See id.; Appeal of Walsh, 156 N.H. 347, 352 (2007).

Finally, the Town argues that, even if the HAB did not err in conducting de novo review of the three remaining variance factors, the HAB's review was nevertheless erroneous because it incorrectly interpreted RSA 674:33, III and, consequently, improperly relied on the posture of the ZBA's vote in its review. However, the HAB stated that the voting posture did not factor into its analysis of the three other factors, and the Town does not argue that the findings were otherwise erroneous. Therefore, the Town has failed to show reversible error. See Gallo v. Traina, 166 N.H. 737, 740 (2014).

5

For the foregoing reasons, the HAB's reversal of the ZBA's variance determination is not unjust or unreasonable.  Accordingly, we affirm.

<u>Affirmed</u>.

MACDONALD, C.J., and HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**