NOTICE:  This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press.  Errors may be reported by email at the following address: reporter@courts.state.nh.us.  Opinions are available on the Internet by 9:00 a.m. on the morning of their release.  The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Housing Appeals Board
No. 2021-0476

APPEAL OF CHICHESTER COMMONS, LLC
(New Hampshire Housing Appeals Board)

Argued: June 21, 2022
Opinion Issued: September 2, 2022

Orr & Reno, P.A., of Concord (John L. Arnold on the brief and orally), for the petitioner.

Upton & Hatfield, LLP, of Concord (Nathan C. Midolo on the brief and orally), for the respondent.

DONOVAN, J.  The petitioner, Chichester Commons, LLC, appeals an order of the Housing Appeals Board (HAB) affirming a decision of the planning board for the respondent, Town of Chichester (Town), denying the petitioner's request for a waiver of the density requirement set forth in the Town's zoning ordinance.  The petitioner argues that the HAB erred by affirming the board's decision because, in 2015, the board granted the petitioner a density waiver for a similar elderly housing project that the petitioner had proposed for the same property.  We conclude that the 2015 density waiver does not apply to the current version of the petitioner's proposed elderly housing project and was not binding upon the board.  Accordingly, we affirm the HAB's decision.

## I. Facts

The HAB found, or the record supports, the following facts. The petitioner owns a parcel of property located in the Town's Commercial Village (CV) District. The property is approximately 5.5 acres and comprises two lots that have been merged. In 2015, before the two lots were merged, the petitioner proposed to build an elderly housing facility on one of the lots — which was 2.369 acres — and a 10,000 square foot retail building on the other lot. At the time, the Town's zoning ordinance required "a minimum of two (2) acres for the first two family dwelling unit[s] with an additional ½ acre for each additional family dwelling unit" located in the CV District. Chichester, N.H., Zoning Ordinance, art. II, § 2.04(F)(VIII)(11)(b) (2008). The ordinance also included an innovative land use control that authorized the board to "waive particular [zoning] requirements" under certain circumstances. Chichester, N.H., Zoning Ordinance, art. II, § 2.04(F)(XIII) (2008); see RSA 674:21, II (Supp. 2021) ("An innovative land use control ordinance may provide for administration [of zoning ordinances] . . . by the planning board . . . .").

Because the petitioner proposed to build the facility on 2.369 acres, whereas the Town's zoning ordinance required twenty-two acres, the petitioner requested a waiver of the density requirement from the board. The petitioner informed the board that, if the waiver were to be granted, the petitioner would then submit a formal site plan for the board's consideration. The board granted the density waiver. However, due to financing issues, the petitioner did not move forward with the project.

In 2018, the petitioner altered the design of the project. In lieu of the elderly housing facility, the petitioner proposed to build a 14-unit affordable housing complex on the 2.369 acre lot. Because the new design also did not conform to the density requirement in the Town's zoning ordinance, the petitioner requested another density waiver from the board. The petitioner also submitted a final site plan for the board's consideration. The board granted the waiver and approved the site plan. The board later granted the petitioner's request to reduce the number of units from fourteen to thirteen. However, the petitioner did not move forward with the 2018 design.

In 2020, the petitioner proposed a third design of the project. Similar to the original 2015 design, the petitioner proposed to build a 24-unit elderly housing facility on the recently-merged 5.5 acre property. The petitioner's new design differed from the 2015 design in that it relocated the placement of the proposed elderly housing facility, required fewer square feet, and excluded the 10,000 square foot retail facility that was proposed in 2015. Because the petitioner proposed to reduce the number of units and build the facility on the entire 5.5 acre property, rather than just the 2.369 acre lot, the new design resulted in a lower density than the 2015 design.

In October 2020, the petitioner filed a request to amend the site plan for the affordable housing facility that the board approved in 2018. Specifically, the petitioner requested approval for "(24) one bedroom 55+ apartments in lieu of [the] previous 13 unit approved project." In December 2020, the board issued an order determining, without prejudice, that the petitioner's request was incomplete because it "incorrectly described the proposal as an 'amended site plan.'" The board explained that it considered the petitioner's proposal to be "a new application" and stated that "the [petitioner's] application form, plans, and notification materials should reflect it as such."

Thereafter, the petitioner filed a site plan application proposing to develop the 24-unit elderly housing facility. The petitioner also requested another waiver of the density requirement "to permit the development of a 24-unit multi-family structure on 5.5 acres." By this time, the Town's zoning ordinance had been amended to require "a minimum of two and one half (2.5) contiguous acres for the first two family dwelling unit[s] with an additional .5 acre for each additional family dwelling unit" as well as "one contiguous buildable acre for the first unit and an additional one half (.5) contiguous acre for each additional unit." Chichester, N.H., Zoning Ordinance, art. II, § 2.04(E)(VIII)(11)(II)(b) (2019). Unlike the prior zoning ordinance, the amended ordinance also required conditional use permits for multi-family housing. Compare Chichester, N.H., Zoning Ordinance, art. II, § 2.04(F)(VIII)(11) (2008), with Chichester, N.H., Zoning Ordinance, art. II, § 2.04(E)(VIII)(11) (2019).

The board discussed the petitioner's request at three meetings, which occurred between January and March 2021. At the meetings, the petitioner argued that the board's grant of the 2015 density waiver compelled it to grant another waiver, given that the new design was less dense than the original 2015 design. The petitioner also argued that the 2015 waiver "was granted without any stated expiration date" and that it "continue[d] to apply" to the 24-unit elderly housing project. The board rejected these arguments and denied the request on the grounds that the petitioner failed to demonstrate that the waiver satisfied one of five waiver requirements: that granting the waiver "[b]e reasonable and appropriate due to the scale and size of the proposed project." Chichester, N.H., Zoning Ordinance, art. II, § 2.04(E)(X)(6) (2019).

The petitioner appealed to the HAB, arguing that: (1) the 2015 waiver did not expire and continued to apply to the petitioner's proposed 24-unit elderly housing facility; and (2) even if the 2015 waiver expired, stare decisis compelled the board to grant the petitioner's request for another density waiver. The HAB rejected both arguments. With respect to the petitioner's argument that the 2015 waiver did not expire, the HAB noted that "municipal planning is a fluid concept based upon current conditions at the time an actual plan is filed with, and reviewed by, a town or city Planning Board." In rejecting the petitioner's stare decisis argument, the HAB concluded that the board was not bound by its prior decisions to grant waivers, in part because "all three projects proposed

3

by the [petitioner] are different which could reasonably impact the Planning Board's decision." The HAB also determined that the petitioner failed to timely appeal the board's December 2020 decision requiring "a new application" and that, "[b]y itself, this [was] grounds for denial of the requested relief." The petitioner filed a motion for rehearing, which the HAB denied for similar reasons. This appeal followed.

## II. Standard of Review

When reviewing a planning board's decision, the HAB must uphold the decision unless there was an error of law or the HAB is persuaded by the balance of probabilities that the decision was unreasonable. See RSA 677:6, :15, V (2016); RSA 679:9, II (Supp. 2021); see also RSA 679:9, I (Supp. 2021) ("Appeals to the [HAB] shall be consistent with appeals to the superior court pursuant to RSA 677:4 through RSA 677:16."). The party seeking to set aside the board's decision bears the burden of proving that the decision was unlawful or unreasonable. RSA 677:6; see RSA 679:9, I. The HAB must treat the planning board's factual findings as prima facie lawful and reasonable. RSA 677:6; see RSA 679:9, I. The HAB's review is not whether it agrees with the planning board's findings, but, rather, whether there is evidence in the record upon which the planning board could have reasonably based its findings. See Trustees of Dartmouth Coll. v. Town of Hanover, 171 N.H. 497, 504 (2018).

Our review of the HAB's decision is governed by RSA chapter 541. See RSA 679:15 (Supp. 2021) ("Decisions of the [HAB] may be appealed to the supreme court by any party in accordance with the provisions of RSA 541 as from time to time amended."). We will not set aside the HAB's order unless we are satisfied, by a clear preponderance of the evidence, that it is unjust or unreasonable. See RSA 541:13 (2021). The HAB's factual findings are presumed to be prima facie lawful and reasonable. See id. When reviewing the HAB's findings, our task is not to determine whether we would have found differently or to reweigh the evidence, but, rather, to determine whether the HAB's findings are supported by competent evidence in the record. See Appeal of SEA (NH Community College System), 170 N.H. 699, 702 (2018). When, as here, the HAB relied upon the record and made no independent factual findings, our review is limited to determining whether the record supports the HAB's decision.

## III. Analysis

The petitioner first argues that "the 2015 waiver did not expire" and that it "continues to apply" to the proposed 24-unit elderly housing facility. We disagree. To resolve the petitioner's appeal, we must interpret the language of the Town's zoning ordinance. Similar to statutory interpretation, we construe the words and phrases of an ordinance according to the common and approved

4

usage of the language. Town of Carroll v. Rines, 164 N.H. 523, 526 (2013). When the language of an ordinance is plain and unambiguous, we need not look beyond the ordinance itself for further indications of legislative intent. Id.

As an initial matter, the Town argues that the petitioner's argument that the 2015 waiver continues to apply to the petitioner's proposed project is untimely. We need not address the timeliness of the petitioner's argument because, even if it is timely, it fails on its merits. Assuming, without deciding, that "the 2015 waiver did not expire," we conclude that the 2015 waiver does not apply to the current version of the petitioner's proposed project.

When the 2015 waiver was granted, the Town's zoning ordinance provided:

> [T]he [board] may waive particular requirements set forth in this section where the [board] finds that a development is better served by not adhering strictly to the provisions of this section and where the applicant demonstrates that granting a waiver would: [1] Not be detrimental to the public safety, health or welfare, or cause injury or damage to other property or fail to promote public interest; [2] Not vary the intent of the Town of Chichester Master Plan; [3] Substantially ensure that the goals, objectives, standards, and requirements of this section are not compromised; [4] Be reasonable and appropriate due to the scale and size of the proposed project; and/or [5] Protect natural features that would otherwise be impacted.

Chichester, N.H., Zoning Ordinance, art. II, § 2.04(F)(XIII) (2008) (emphasis added). Although the Town has relocated this provision within the ordinance, its language has not changed since the board granted the 2015 waiver. See Chichester, N.H., Zoning Ordinance, art. II, § 2.04(E)(X)(6) (2019).

Based upon the common and approved usage of the language of this provision, see Rines, 164 N.H. at 526, we conclude that the 2015 waiver applies only to "the proposed project" that the board considered when it granted the waiver. Chichester, N.H., Zoning Ordinance, art. II, § 2.04(F)(XIII) (2008). We further conclude that the petitioner's proposed 24-unit elderly housing facility is not "the proposed project" that the board considered in 2015. The 2015 waiver permitted the development of "up to 41 units on 2.369 acres," whereas the petitioner now proposes to build a "twenty four – one bedroom 55 plus apartment building" on 5.5 acres.

Since the board granted the 2015 waiver, the petitioner has not only reduced the number of units, but also decreased the square footage of the proposed facility from 13,500 square feet to 7,548 square feet and expanded

5

the size of the property from 2.369 acres to 5.5 acres.  In addition, the current proposal places the facility in a different location on the property and omits the 10,000 square foot retail facility that was originally proposed in 2015.  Accordingly, although a less intensive proposal, the 2020 application contemplates a different project footprint and different building configuration and eliminates the 2015 proposal for retail, which removed a feature that furthered an articulated development goal of the CV district.  See Chichester, N.H., Zoning Ordinance, art. II, § 2.04(F)(III) (2008).  Although the petitioner proposes to use the property for the same purpose — namely, for the development of an elderly housing facility — and although the current proposal requires less density than the 2015 proposal, the record demonstrates that the current proposal is not "the proposed project" that the board considered in 2015, and, thus, the 2015 waiver does not apply to it.

Our conclusion that the 2015 waiver does not apply to the current version of the petitioner's proposal is further supported by the language of the five factors set forth in the ordinance's waiver provision.  See Chichester, N.H., Zoning Ordinance, art. II, § 2.04(F)(XIII) (2008).  These factors require the board to consider, among other things, the potential impact of the proposed development on, inter alia, public health, safety and welfare, or other properties — an analysis that depends, at least in part, upon the current conditions surrounding the proposed development.  See id.  Thus, when evaluating a waiver, the board is required to assess the current impact of the development on the community.  The board's role is not to compare the quality of two different proposals submitted at different points in time or to determine the degree of change to the surrounding community since the last proposal was submitted.  Because the petitioner's current proposal is not the same as its 2015 proposal, the Town's ordinance required that the board consider the potential impact of the current proposal on the Town in light of any change in circumstances since the 2015 waiver was granted.  See id.  Accordingly, we conclude that the 2015 waiver does not apply to the 2020 proposal.

The petitioner next argues that, even if the 2015 waiver does not apply to the petitioner's proposed project, stare decisis compelled the board to grant the petitioner's 2020 request for another density waiver.  We are unpersuaded.  Again, because the petitioner's proposal for the 24-unit elderly housing facility was not "the proposed project" that the board considered in 2015, the board was required to consider the petitioner's 2020 waiver request on its own merits, apart from the 2015 waiver.  See 8 Eugene McQuillin, The Law of Municipal Corporations § 25:232, at 1177-78 (3d ed. 2020) ("In general, precedents are not binding relative to the grant of exceptions or variances; each case is to be determined on its own merits."); cf. Heller v. Zoning Board of Adjustment of Phila., 171 A.2d 44, 46 (Pa. 1961) ("Allowing only for exceptional circumstances not apparent here, we hold that each case and each application [for a variance] must be dealt with anew and apart."); Board of Zoning Appeals of Alexandria v. Fowler, 114 S.E.2d 753, 757-58 (Va. 1960) ("[I]n determining whether a

variance for a particular piece of property shall be granted the Board must consider each case on its own particular facts or merits.").  Although the board was required to provide the applicant with written reasons for its decision, see RSA 676:3, I, it was not, contrary to the petitioner's argument, required "to articulate [a] rational explanation for reaching a different result in 2020."

We also reject the petitioner's argument that the subsequent-application doctrine articulated in Fisher v. City of Dover, 120 N.H. 187 (1980), applies here.  Fisher involved a challenge to a ZBA's approval of a variance for a proposal that was substantially identical to one it had previously denied.  Fisher, 120 N.H. at 188.  The plaintiff in that case was an abutter who opposed the project and objected to the ZBA's consideration of essentially the same proposal submitted by the same developer.  Id.  We held that "[w]hen a material change of circumstances affecting the merits of the application has not occurred or the application is not for a use that materially differs in nature and degree from its predecessor, the board of adjustment may not lawfully reach the merits of the petition."  Id. at 190.  We therefore concluded that the zoning board erred by reaching the merits of the second application "without first finding either that a material change of circumstances affecting the merits of the application had occurred or that the second application was for a use that materially differed in nature and degree from the use previously applied for and denied by the board."  Id. at 191.

Contrary to the petitioner's argument, the subsequent-application doctrine does not compel boards to grant successive waivers of zoning requirements.  Assuming, without deciding, that the doctrine applies to waivers — as opposed to variances — we have never held that the doctrine applies when the board has previously granted an application.  Rather, the doctrine prevents boards from considering the merits of applications that they have previously denied absent a finding of a material change in circumstances or a material difference in nature and degree between the second application and the prior one.  See id.  We decline to extend Fisher and its progeny to the facts and circumstances of this case.

We therefore conclude that the 2015 waiver does not apply to the current version of the petitioner's project and did not compel the board to grant the petitioner's 2020 request for another density waiver.  To the extent that the petitioner challenges the HAB's decision affirming the board's denial independent of the 2015 waiver, that argument is undeveloped, and we decline to address it.  See State v. Blackmer, 149 N.H. 47, 49 (2003) ("[W]e confine our review to only those issues that [have been] fully briefed.").

Affirmed.

HICKS and HANTZ MARCONI, JJ., concurred.