**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2022-0436, <u>Silver City NH, LLC v. Town of Hooksett</u>, the court on May 17, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The plaintiff, Silver City NH, LLC, appeals an order of the Superior Court (<u>Tucker</u>, J.) affirming the determination by the zoning board of adjustment (ZBA) for the defendant, the Town of Hooksett (Town), that the Town's code enforcement officer had properly denied the plaintiff's application for an excavation permit. We affirm.

The record supports the following facts. The plaintiff owns property in the commercial zoning district in Hooksett. On August 1, 2020, the plaintiff applied to the ZBA for an excavation permit pursuant to the Town's Sand and Gravel Ordinance. The Town's code enforcement officer denied the application, reasoning that a variance was required in addition to the permit because "[e]xcavation is not a listed use, so it is not permitted" in the commercial district under Article 10 of the Town's Zoning Ordinance. <u>See</u> <u>Hooksett, N.H., Zoning Ordinance</u> art. 10(A) (2018). The plaintiff appealed the officer's decision to the ZBA, which denied the request for an administrative appeal — as well as the plaintiff's subsequent motion for rehearing — because "no substantial evidence was provided to overturn the decision . . . to require an application for a Variance." The plaintiff then appealed to the superior court, which affirmed the ZBA's decision, reasoning that by requiring a variance "in order to obtain the permit to excavate," the ZBA "properly reconciled the ordinances" at issue. This appeal followed.

The sole issue on appeal is whether the plaintiff was required under the terms of the ordinances to obtain a variance before seeking an excavation permit. Because the interpretation of a municipal ordinance presents a question of law, we review the trial court's interpretation of the Town's ordinances <u>de</u> <u>novo</u>. <u>See</u> <u>Batchelder v. Town of Plymouth Zoning Bd. of Adjustment</u>, 160 N.H. 253, 256 (2010). The traditional rules of statutory construction govern. <u>Id</u>. Therefore, we construe the words and phrases of an ordinance according to their common and ordinary usage. <u>See</u> <u>id</u>. When the language of an ordinance is plain and unambiguous, we need not look beyond the ordinance itself for further indications of legislative intent. <u>Id</u>. We

determine the meaning of a municipal ordinance from its construction as a whole, not by construing isolated words and phrases. See id. at 257. We will not guess what the drafters of the ordinance might have intended, or add words that they did not see fit to include. Id. at 256-57. When interpreting two ordinances that deal with a similar subject matter, we construe them so that they do not contradict each other, and so that they will lead to reasonable results and effectuate the purpose of the ordinances. See Blagbrough Family Realty Trust v. A & T Forest Prods., 155 N.H. 29, 44 (2007).

The plaintiff argues that under the plain language of the Town's Zoning and Sand and Gravel Ordinances, "excavations are provisionally permitted in all zones, upon issuance of an excavation permit, unless excavations are specifically prohibited in a particular zone." We disagree.

The Town's Zoning Ordinance establishes districts, expressly sets forth permitted uses within each district, and specifies uses that are allowed only by special exception within each district. See Hooksett, N.H., Zoning Ordinance arts. 2, 4-6, 10-16. In addition, the Zoning Ordinance establishes two "Overlay Districts," a Wetlands Conservation District and a Groundwater Resource Conservation District. See Hooksett, N.H., Zoning Ordinance arts. 2, 18-19.

Article 3 of the Town's Zoning Ordinance contains general provisions that apply to all zoning districts. See Hooksett, N.H., Zoning Ordinance art. 3. Removal of "sod, loam, clay, sand, gravel" and other similar material is governed by Article 3(D) of the Zoning Ordinance. Hooksett, N.H., Zoning Ordinance art. 3(D). Under Article 3(D), the removal of such materials "from any premises in any district is allowed in instances when such removal is . . . incidental to structure, or the lawful construction of a way (including driveway), on the portion of the premises where removal occurs" or where it is incidental to "agricultural activities, normal landscaping or minor topographical adjustments." Id. Otherwise, the removal of such materials "from any premises, in any district, is prohibited unless authorized by special permit issued by the [ZBA] in accordance with the provisions of the Town of Hooksett Sand and Gravel Ordinance." Id.

The plaintiff does not claim that its project involved any of the specified activities nor does it contest that it was required to obtain an excavation permit. Accordingly, in order to determine whether a variance was required, we must examine the circumstances in which the ZBA may issue an excavation permit by considering both the Sand and Gravel and Zoning Ordinances together.

Because Article 3(D) of the Zoning Ordinance expressly incorporates, by reference, "the provisions of the . . . Sand and Gravel Ordinance," we look to the Sand and Gravel Ordinance to determine whether a variance was a prerequisite for an excavation permit under these circumstances. Hooksett,

2

N.H., Zoning Ordinance art. 3(D). Section 4(B) of the Sand and Gravel Ordinance precludes the ZBA from issuing an excavation permit "[w]hen the excavation is not permitted by zoning or other applicable ordinances except where the [ZBA] feels that a variance is warranted." Hooksett, N.H., Sand and Gravel Ordinance sec. 4(B) (1977). Under the plain language of the Sand and Gravel Ordinance, therefore, an excavation permit cannot be issued unless: (1) excavation is allowed in the zoning district pursuant to the Zoning Ordinance or another "applicable ordinance[ ]";[1] or (2) excavation is not allowed in the zoning district, but the ZBA "feels that a variance is warranted." Id. Because excavation is not a permitted use in the commercial district, where the plaintiff's property is located, Hooksett, N.H., Zoning Ordinance art. 10(A), and because the plaintiff has not identified any other "applicable ordinance[ ]" under which excavation in the commercial district is a permitted use, pursuant to Section 4(B) of the Sand and Gravel Ordinance, the ZBA could not issue an excavation permit unless the ZBA "fe[lt] that a variance [was] warranted." Hooksett, N.H., Sand and Gravel Ordinance sec. 4(B).

The plaintiff contends that the phrase "where the [ZBA] feels that a variance is warranted" does not require a property owner to obtain a variance before seeking an excavation permit. Id. According to the plaintiff, this phrase means "merely that the ZBA should determine whether a variance would be warranted in issuing the excavation permit." We disagree. Reading the phrase in context, we agree with the trial court, ZBA, and code enforcement officer that Section 4(B) of the Sand and Gravel Ordinance requires a property owner to obtain a variance before seeking an excavation permit when, as in this case, excavation is not a permitted use in the applicable zoning district.

The plaintiff next argues that interpreting the Zoning Ordinance to require a variance, unless excavation is a permitted use in a zoning district, would render superfluous the "except where the Board of Adjustment feels that a variance is warranted" language in Section 4(B) of the Sand and Gravel Ordinance. Hooksett, N.H., Sand and Gravel Ordinance sec. 4(B). We disagree. Although the plaintiff acknowledges that the ordinances must be read together, here the plaintiff's argument rests on the incorrect premise that the Zoning Ordinance can be read in isolation, when, in fact, the opposite is true. The Town's interpretation correctly reads both ordinances in concert, as required by the plain language of the ordinances. The Zoning Ordinance provides that where excavation is at issue, the Zoning Ordinance is to be construed in "accordance with the provisions of the Town of Hooksett Sand and Gravel Ordinance." Hooksett, N.H., Zoning Ordinance art. 3(D). Far from

---

[1] We observe that, contrary to the plaintiff's arguments which are premised on the understanding that excavation is not expressly permitted in any zone, Article 16(K) of the Town's Zoning Ordinance provides that "[q]uarry, and sand and gravel operation uses . . . shall be allowed pursuant to applicable State law and local ordinances" in Mixed Use District 5. Hooksett, N.H., Zoning Ordinance art. 16(K).

being superfluous, the language of Section 4(B) of the Sand and Gravel Ordinance is pivotal — it mandates that the ZBA "shall not issue an excavation permit . . . [w]hen the excavation is not permitted by zoning or other applicable ordinances except where the [ZBA] feels that a variance is warranted." Hooksett, N.H., Sand and Gravel Ordinance sec. 4(B).[2]

The plaintiff also argues that our interpretation of the applicable ordinances renders superfluous Article 19(D)(11) of the Zoning Ordinance, which concerns the Groundwater Resource Conservation District. See Hooksett, N.H., Zoning Ordinance art. 19(D)(11). The plaintiff argues that if excavations are not permitted uses in any of the Town's existing zoning districts, then "Article 19(D)(11)'s express prohibition [is] unnecessary and, therefore, superfluous." We disagree.

The plaintiff's argument fails to recognize the important difference between an overlay district and an underlying zoning district. An overlay district "is superimposed over [an] existing zoning district and imposes specific requirements in addition to those otherwise applicable for the underlying zone." Schroeder v. Town of Windham, 158 N.H. 187, 191 (2008) (quotation and ellipsis omitted). For example, in the Groundwater Resource Conservation District, an overlay district, "a new excavation site within the Wellhead Protection Area" is an expressly prohibited use unless "it is incidental to a permitted use and with the exception of any existing excavation legally permitted under the excavation regulations of the Town of Hooksett at the time of adoption of this ordinance." Hooksett, N.H., Zoning Ordinance art. 19(D)(11). Under Article 19(B), "[i]n all cases where the standards for [the Groundwater Resource Conservation District] conflict with those of the underlying district, the more restrictive requirement(s) shall apply." Hooksett, N.H., Zoning Ordinance art. 19(B). The Town is free to amend the list of permitted uses in an underlying zoning district at any time in accordance with applicable law. See RSA 675:2-:3 (2016). The express prohibition of excavation in the Groundwater Resource Conservation District ensures that excavations remain prohibited in that district regardless of changes to permitted uses in the underlying zoning district. Therefore, our reading of the Town's zoning and permitting scheme does not render Article 19(D)(11) of the Zoning Ordinance superfluous.

Nor are we persuaded by the plaintiff's argument that the Town's reading of the ordinances "is inconsistent with" RSA 155-E:4, III — a provision of the statutory scheme governing excavation. See RSA 155-E:4, III (2023). The

---

[2] Even if, as the plaintiff argues, the Zoning Ordinance did not expressly require a variance, the plaintiff would still be required to obtain one because the Town's Zoning Ordinance is a permissive Zoning Ordinance. See Town of Carroll v. Rines, 164 N.H. 523, 526 (2013). "That is, it is intended to prevent uses except those expressly permitted or incidental to uses so permitted." Id. at 526-27 (quotation omitted).

4

mandate of RSA 155-E:4, III arises only when excavation activity is not permitted in "at least some" areas within the municipality. Id. Accordingly, we affirm the trial court's decision upholding the determination by the ZBA that the Town's code enforcement officer had properly denied the plaintiff's application for an excavation permit because the plaintiff had not first obtained a variance.

Affirmed.

MACDONALD, C.J., and BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,
Clerk**